Núm. 8131.—Luce & Company, S. en C., aplda. *v.* Santiago, apltc.—C. D. Ponce. ▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉ Marzo 19, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. Todd, Jr.)

La Corte de Distrito de Ponce dictó sentencia en este caso a favor de la demandante el día 6 de abril de 1938 y el demandado apeló de la misma para ante esta Corte Suprema el día 5 de mayo del mismo año. El 17 de mayo la corte inferior dictó una orden dirigida al taquígrafo que intervino en la vista del caso, Sr. José Cruz Montero, para que procediera a preparar y radicar, dentro del término de ley, la transcripción de la evidencia a los efectos del presente recurso. Desde aquella fecha se han concedido a dicho taquígrafo trece prórrogas para cumplir con dicha orden, o sea, un total de dos años, nueve meses, para radicar la transcripción sin que, hasta el día en que se presentó esta moción de desestimación, lo haya hecho.

A base de los anteriores hechos comprobados por certificación expedida por el Secretario de la corte inferior, la demandante apelada solicita que, de acuerdo con la Regla 59 del Reglamento de esta corte, desestimemos la apelación interpuesta en este caso.

El demandado apelante se ha opuesto y alega que ha procedido a perfeccionar su recurso con la debida diligencia, porque le ha pagado al taquígrafo el importe de sus honorarios, según consta de la declaración jurada prestada por dicho taquígrafo, que acompañó su escrito de oposición, y en la que dicho funcionario hace constar los motivos que ha tenido para no haber radicado la transcripción de la evidencia. En síntesis, dichos motivos, según los expone el abogado del apelante, son los siguientes:

"...que dicho taquígrafo, actuando por orden de la corte inferior, estuvo durante un año preparando el récord taquigráfico, a solicitud del Gobernador de Puerto Rico, del caso criminal núm. 6493, *El Pueblo v. Luis Castro Quesada y otros,* por asesinato, y que, posteriormente, se enfermó dicho taquígrafo y estuvo con licencia debidamente concedida, hasta fines de junio de 1940; que al volver a tomar posesión de su cargo, dicho taquígrafo ha tenido que asistir a las sesiones de la Corte de Distrito de Ponce y, además, ha estado preparando las transcripciones de la evidencia en otros casos..."

Alega, además, el apelante, que tiene una buena y justa causa de acción, pues se trata en este caso de la demolición de varias casas propiedad del demandado, no habiendo pertenecido nunca el solar donde radican las mismas a la demandante apelada.

La situación de hechos que presenta este caso es realmente extraordinaria. Se ha concedido al taquígrafo cerca de tres años para radicar la transcripción de la evidencia y aún no lo ha hecho. Ex-

pone, sin embrgo, bajo juramento, dos razones que tienden a justificar su tardanza, primero, el haber tenido que dedicar un año a transcribir un caso criminal, por orden de la corte a solicitud del Gobernador de Puerto Rico y, segundo, el haber estado enfermo, con vacaciones sin sueldo, durante nueve meses, alegando además, que desde que volvió a la corte ha estado trabajando en sala y transcribiendo la evidencia en otros casos resueltos con anterioridad al de autos.

Somos de opinión que debemos aceptar como cierta esta excusa, pues no ha sido contradicha en forma alguna por la parte apelada, y que ejercitando nuestra facultad discrecional en estos casos, no desestimaremos la apelación, pero condicionado a que si en el término improrrogable de sesenta días el taquígrafo Sr. Cruz Montero no ha radicado ante la corte inferior la transcripción de la evidencia solicitada en este caso, la apelación será desestimada, si así lo solicita la demandante apelada.

Se declara sin lugar la moción.